UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |   |
|---|---|---|
| Shenzhen Qingsong Haitao Shangwu Co., Ltd | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-11445 |
| v. | ) ) | Judge Rebecca R. Pallmeyer |
| AFG Media, Ltd. | ) ) | Magistrate Judge Heather K. McShain |
| Defendant. | ) ) | |

## ANSWER TO COUNTERCLAIMS

Plaintiff/Counter Defendant Shenzhen Qingsong Haitao Shangwu Co., Ltd. ("Qingsong Haitao"), by and through undersigned counsel, answers the Counterclaims of Defendant/Counter Plaintiff AFG Media Ltd. ("AFG") paragraph by paragraph as follows. Unless expressly admitted, all allegations are denied.

## NATURE OF THE ACTION

1. This is a counterclaim pursuant to 17 U.S.C. § 501(a) and 17 U.S.C. § 502 for damages and injunctive relief under the Copyright Act.

**Answer:** Admitted that AFG invokes the Copyright Act; denied that Qingsong Haitao infringed or that AFG is entitled to relief.

## THE PARTIES

2. AFG Media Ltd. is a company organized under the laws of Scotland, with its principal place of business at The Tun, 6-8 Jackson's Entry, Edinburgh, Scotland, EH8 8PJ, United Kingdom.

**Answer:** Admitted.

3. According to Plaintiffs Complaint, Shenzhen Qingsong Haitao Shangwu Co., Ltd is a limited liability corporation organized under the laws of the People's Republic of China. Its principal place of business is at Room 503, Unit 8, Building 2, Shangxing Business Street, Shangde Avenue, Shangxing Community, Xinqiao, Bao'an District, Shenzhen, China.

**Answer:** Admitted.

## JURISDICTION AND VENUE

4. This counterclaim arises under the copyright laws of the United States, 17 U.S.C. § 50l(a) and§ 502 for intentional copyright infringement. This Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and/or § 1338.

**Answer:** Admitted in part that the action is brought under federal copyright law; denied that Qingsong Haitao infringed or that AFG is entitled to relief.

5. HSCo is subject to the personal jurisdiction of this Court, and the venue is proper, on the grounds that HSCo elected to bring this action in this Judicial District.

**Answer:** Admitted.

## COUNT ONE

### (Federal Copyright Infringement – 17 U.S.C. § 501(a))

6. All of the above paragraphs are incorporated herein by reference.

**Answer:** Qingsong Haitao incorporates its answers to paragraphs 1-14 by reference.

7. Counterclaim Plaintiff, AFG Media, Ltd., began its costume design and sales business

in 2009 with a very small offering of costumes, but it has grown today and now offers over 1000 different designs. To date, AFG has sold over two million costumes worldwide under its famous MORPH® brand and has well over 1.1 million Facebook followers.

**Answer:** Lacks knowledge or information sufficient to admit or deny.

8. One of AFG's best-selling costumes is the Alien Costume at issue in this case.

**Answer:** Lacks knowledge or information sufficient to admit or deny.

9. AFG is the exclusive owner and licensee of its Alien Costume copyright registration ("AFG's Work."):

**Answer:** Lacks knowledge or information sufficient to admit or deny.

10. AFG's Alien Costume registered Copyright is presumptively valid.

**Answer:** Admitted that Registration VA 2-261-150 has issued; HSCo denies infringement and further denies that the registration proves copying or protectable expression beyond the deposit.

11. HSCo had actual notice of AFG's exclusive rights in and to AFG's Work.

**Answer:** Denied.

12. At all times relevant hereto, AFG advertised, offered for sale and sold its Alien Costume on its Amazon online store as shown in Exhibit 2 filed with this Answer, Affirmative Defenses, and Counterclaim.

**Answer:** Lacks knowledge or information sufficient to admit or deny; therefore denied.

13. HSCo's halloween costume as set forth in US Dl,039,790 [ECF No. 1-4] and as described in its Complaint [ECF No. 1], is an unauthorized derivative work of AFG's Alien Costume and or is substantially similar to AFG's copyrighted design, and as such infringes on AFG's' copyright registration. ("Infringing Product") Side by side comparisons of the AFG's Alien Costume and HSCo's unauthorized derivative work costume appear below:

**Answer:** Denied.

14. Upon information and belief, HSCo did not obtain an opinion from United States Counsel about the legality of offering for sale each of the Infringing Products.

**Answer:** Denied.

15**.** HSCo did not attempt and therefore inherently failed to obtain AFG's consent or authorization to use, manufacture, reproduce, distribute, sell, transfer, rent, perform and/or market AFG's Copyrighted Work.

**Answer:** Denied.

16. HSCo's unlawful actions have caused and are continuing to cause unquantifiable damage to Plaintiff and are unjustly enriching HSCo with profits at AFG's expense.

**Answer:** Denied.

17. Without permission, HSCo knowingly and intentionally reproduced, copied, and displayed AFG's Work by manufacturing, importing, exporting, distributing, marketing,

advertising, offering for sale, and/or selling unauthorized derivative works and/or substantially similar copies of AFG's Work.

**Answer:** Denied.

18. HSCo's use of the unauthorized derivative work and/or substantially similar copies of AFG's Work, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Infringing Products, is without AFG's consent or authorization.

**Answer:** Denied.

19. HSCo is engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard for AFG's rights, and unless this Court enjoins such conduct, AFG and the consuming public will continue to be harmed.

**Answer:** Denied.

20. HSCo's unlawful and willful action as alleged herein constitutes willful infringement of AFG's Copyrighted Work, including AFG's exclusive rights to reproduce, distribute and/or sell such Work in violation of 17 U.S.C. § 50l(a).

**Answer:** Denied.

21. HSCo's knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to AFG in an amount as yet unknown but to be proven at trial, for which AFG has no adequate remedy at law, and unless enjoined, HSCo will continue to cause substantial and irreparable harm to AFG's business, intellectual property, and reputation.

AFG is entitled to injunctive relief; AFG's actual damages and HSCo's profits in an amount to be proven at trial, enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

**Answer:** Denied.

## AFFIRMATIVE DEFENSES

1. **Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)).** The Counterclaim fails to plead facts showing copying of protectable expression or substantial similarity. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

2. **Idea/Expression & Scènes à Faire.** Any similarities relate to the unprotectable idea of an "alien carrying a person" costume or stock, functional elements.

3. **Independent Creation.** Qingsong Haitao independently created its inflatable costume without copying AFG's artwork.

4. **De Minimis / Incidental Use.** Any similarities, if proven, are trivial and non-actionable.

5. **Laches.** AFG unreasonably delayed asserting its rights.

6. **Reservation of Additional Defenses.** HSCo reserves the right to assert further defenses as discovery proceeds.

**WHEREFORE, Qingsong Haitao respectfully prays that the Court**

1. Enter judgment dismissing AFG's Counterclaim with prejudice;

2. Award HSCo its costs and reasonable attorneys' fees under 17 U.S.C. § 505 and any other applicable law; and

3. Grant such further relief as the Court deems just and proper.

Respectfully Submitted,
Dated: May 8, 2025

By: /s/Benjamin Solter
Benjamin Solter
Cross-Border Counselor LLP
7755 Center Ave., Suite 1100
Huntington Beach, CA 92647
Telephone No.: (781) 752-6369
bsolter@cbcounselor.com