IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN QINGSONG HAITAO SHANGWU CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> AFG MEDIA LTD., <br><br> Defendant. | Case No. 24-cv-11445 <br><br> Honorable Rebecca R. Pallmeyer |

## PLAINTIFF'S REPORT REGARDING DEPOSITIONS OF LU JIEZHEN AND ZHANG XUEYAN

Plaintiff Shenzhen Qingsong Haitao Shangwu Co., Ltd. ("Plaintiff"), by its undersigned counsel, submits this Status Report pursuant to the Court's October 27, 2025 Agreed Order (Dkt. 27) and the Court's December 1, 2025 minute order (Dkt. 32), which directs the parties to file a further report by January 5, 2026, regarding the depositions of Chinese nationals Lu Jiezhen and Zhang Xueyan.

1. Plaintiff circulated a revised draft to Defendant's counsel and sought Defendant's input and signature. Defendant's counsel previously indicated agreement to an earlier draft. After Plaintiff revised the draft to reflect the Court's January 5, 2026 Order (Dkt. 36), Plaintiff emailed Defendant's counsel at approximately 5:15 p.m. and attempted to reach him by telephone at approximately 7:15 p.m. on January 5, 2026, but has not received a response as of the time of filing. Plaintiff files this report to comply with the Court's deadline and will promptly file a joint report or supplement if Defendant provides additional input.

2. In its October 27, 2025 Agreed Order (Dkt. 27), the Court found that the deposition

testimony of Ms. Lu and Ms. Zhang is "necessary in the interest of justice" for purposes of issuing subpoenas under 28 U.S.C. § 1783 and ordered that counsel for Plaintiff "make all necessary and reasonable efforts to facilitate the obtaining of visas for Ms. Lu and Ms. Zhang on an expedited basis for the purpose of their lawful travel to the United States for their depositions."

3. As previously reported, Plaintiff has been working with Ms. Zhang to obtain a U.S. nonimmigrant visa so that she may travel to Chicago for an in-person deposition. Ms. Zhang appeared for a visa interview at the U.S. Consulate General in Guangzhou on November 20, 2025, and her application was refused under Section 214(b) of the Immigration and Nationality Act. (See Dkt 30-1, 30-2; Dkt 31.)

4. Consistent with the Court's January 5, 2026 order (Dkt. 36), Plaintiff will advise Ms. Zhang that she must submit a new visa application and comply with the requirements set forth in that order. Plaintiff expects that Ms. Zhang will submit the renewed application promptly upon entry of the order and will seek the earliest available interview appointment at the Guangzhou Consulate. Ms. Zhang and Plaintiff will promptly advise Defendant of developments required to be reported under the Court's order, including the scheduling of any renewed interview and the decision on the renewed application.

5. With respect to Ms. Lu Jiezhen, Plaintiff has previously advised Defendant that Ms. Lu is on maternity leave and is not expected to return to work until on or about March 31, 2026. Plaintiff understands that Ms. Lu is not presently available to pursue a visa application or travel for deposition. Plaintiff anticipates conferring closer to the conclusion of Ms. Lu's leave regarding the timing of any visa application and the scheduling of her deposition, taking into account the current discovery schedule.

Dated: January 5, 2026        Respectfully submitted by:

***For Plaintiff:***
<u>/s/Benjamin Solter</u>
Benjamin Solter
Cross-Border Counselor LLP
7755 Center Avenue, Ste. 1100
Huntington Beach, CA 92647
(781) 752-6369
bsolter@cbccounselor.com